**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHARLES E. WALKER,**

    **Petitioner,**

**vs.**

                                      **CASE NO. 4:05cv127-MP/WCS**

**JAMES McDONOUGH,[1]**

    **Respondent.**

                                /

**REPORT AND RECOMMENDATION**

This is a petition for writ of habeas corpus filed by Charles E. Walker pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his conviction for burglary of a dwelling (count one), three counts of dealing in stolen property (counts two, three, and four), and grand theft (count five) in the Circuit Court of the Third Judicial Circuit, in and for Taylor County, Florida, case number 2000-141-CF.  He also challenges his convictions for possession of cocaine (count one), possession of drug paraphernalia (count two), and

---

[1] James McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  FED. R. CIV. P. 25(d).

petit theft (count three) in the Circuit Court of the Third Judicial Circuit, in and for Taylor County, Florida, case number 2001-105-CF.

Respondent filed an answer, doc. 10, and the state record, doc. 11.  Petitioner filed a traverse.  Doc. 14.  Respondent concedes that the petition was timely filed.  Doc. 10, p. 5.

**Procedural History**

In case number 2000-141-CF, Petitioner was charged with burglary of a dwelling, theft of an electric saw and nine expensive fishing rods and reels, and in dealing in (selling) that stolen property.  In case number 2001-105-CF, he was charged with possession of cocaine and drug paraphernalia, and petit theft.  On August 21, 2001, Petitioner entered into a plea agreement.  Doc. 11, Ex. C, p. 68.  A plea hearing was held.  *Id.*, R. 45-68.  Petitioner was sentenced to concurrent 15 year sentences.

Petitioner filed an initial Rule 3.850 motion.  *Id.*, Ex. A, R. 178-201.  The motion was denied and the denial affirmed on appeal.  *Id.*, R. 205-262, 281.

Petitioner filed a second Rule 3.850 motion.  *Id.*, Ex. C, R. 1-29.  The motion was granted in part, with respect to sentencing as a Prison Releasee Reoffender, but the remaining claims were denied on the merits.  *Id.*, R. 102-126.  Petitioner filed an appeal.  *Id.*, Ex. D.  The trial court's rulings were affirmed.  *Id.*, Ex. E.

**Section 2254 Standard of Review**

"Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court.  28 U.S.C. §§ 2254(b)(1), (c)."  O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999).  To properly exhaust remedies as required by § 2254(b), "the federal claim must be fairly presented

to the state courts." Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (*citing* Picard).

If a claim was not fairly presented but is procedurally barred from further state court review,[2] Petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991).

For claims which were properly exhausted and adjudicated in state court, this court's review is limited. "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Bui v. Haley, 321 F.3d 1304, 1322 (11th Cir. 2003) (citing the statute, footnote omitted). Moreover, as to a factual issue adjudicated by the state court, Petitioner must show that the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2); 321 F.3d at 1322 (citing the statute). Section 2254(d)(2) is satisfied "only if it is shown by clear and convincing evidence that the state court's

---

[2] Procedurally defaulted claims are considered technically exhausted because state court remedies no longer remain "available." The court therefore refers to "fairly presented" claims as having been *properly* exhausted, to distinguish them from claims exhausted by procedural default. See O'Sullivan, 526 U.S. at 848, 119 S.Ct. at 1734.

presumptively correct factual findings do not enjoy support in the record." Lomholt v. Iowa, 327 F.3d 748 , 752 (8th Cir. 2003) (citing § 2254(e)(1), other citation omitted).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. Williams v. Taylor, 529 U.S. 362, 404-406, 120 S.Ct. 1495, 1519-1520, 146 L.Ed.2d 389 (2000); Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002) (citing Williams). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court precedent. Hawkins v. Alabama, 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523; 535 U.S. at 694, 122 S.Ct. at 1850.

The law governing ineffective assistance of counsel claims was clearly established in Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Williams, 529 U.S. at 405-406, 120 S.Ct. at 1519-1520;

Bell, 535 U.S. at 694-695, 122 S.Ct. at 1850.  Under the two part test of Strickland, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  Petitioner has a heavy burden to establish the deficient performance prong of Strickland, by showing that "no competent counsel would have taken the action that his counsel did take."  Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).  There are no rigid requirements, or absolute duty to investigate a particular line of defense.  *Id.*

> Indeed, "[c]onsidering the realities of the courtroom, more is not always better.  Stacking defenses can hurt a case.  Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others."

261 F.3d at 121 (citations omitted).

For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694, 104 S.Ct. at 2068.  In the context of a guilty plea, the first part of the Strickland test is the same, but "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill

v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); Jackson v. United States, 976 F.2d 679, 681 (11th Cir. 1992), citing United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

Although Strickland explained the performance and prejudice prongs of analysis, "there is no reason . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697, 104 S.Ct. at 2069.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Id.*

If the state court identifies and applies the framework of Strickland in assessing an ineffective assistance claim, its adjudication does not satisfy the "contrary to" language of § 2254(d)(1) even if this court might have applied Strickland differently. Williams, 529 U.S. at 406, 120 S.Ct. at 1520; Bell, 535 U.S. at 698, 122 S.Ct. at 1852. To determine whether the state court's adjudication was an "unreasonable application" of Strickland, Petitioner "must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance . . . .  Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner."  Bell, 535 U.S. at 698-699, 122 S.Ct. at 1852 (*citing* Williams).  "[T]he most important point is that an *unreasonable* application of federal law is different from an *incorrect* application of federal law."  Williams v. Taylor, 529 U.S. at 410, 120 S.Ct. at 1522.

**Ground One**

Petitioner contends he was denied due process because the state trial court failed to hold an evidentiary hearing on his motion filed pursuant to FLA. R. CRIM. P. 3.850. Respondent argues that the federal due process claim is procedurally barred. Doc. 10, p. 10.

"An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Moreover, default is irrelevant when, as here, a federal claim is not presented. Engle v. Isaac, 456 U.S. 107, 121, n. 19, 102 S.Ct. 1558, 1568, n. 19, 71 L.Ed.2d 783 (1982) (rejecting argument that insufficiency of claim demonstrated lack of prejudice due to procedural default: "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts.")

Petitioner's claim that there was error by the state court in his post conviction proceedings does not entitle him to § 2254 relief, which is available only if his conviction or confinement is unconstitutional. See § 2254(a) (application will be entertained only on the ground that the applicant is "in custody" in violation of the Constitution or laws or treaties of the United States). While the actions of the state court in reviewing the conviction now at issue in this court are relevant to determine whether Petitioner has exhausted or procedurally defaulted his claims, or whether federal relief may be granted on a claim adjudicated in state court pursuant to § 2254(d), any error which does not affect the validity of Petitioner's confinement is not a basis for § 2254 relief. Trevino v.

Johnson, 168 F.3d 173, 180 (5th Cir. ), *cert. denied*, 527 U.S. 1056 (1999) (claim of error or denial of due process in state habeas corpus proceeding did not constitute grounds for federal habeas corpus relief) (citing cases from the Fourth, Fifth, Sixth, Eighth and Ninth Circuits).  Ground one fails to state a claim for relief.

**Ground Two**

Petitioner contends that he was subjected to double jeopardy by his convictions in counts two and three for dealing in stolen property convictions, case number 2000-141-CF.  Doc. 1, p. 6.  He argues that had he had effective assistance of counsel as to this issue, he would not entered guilty pleas to these charges.  Doc. 1, p. 7.  Respondent argues that Petitioner procedurally defaulted both the double jeopardy claim and the ineffective assistance of counsel claim.  Doc. 10, p. 11.

In his second Rule 3.850 motion, Petitioner claimed that he had the defense of double jeopardy with respect to two charges of dealing in stolen property arising from the same criminal episode.  Doc. 11, Ex. C, R. 2.  He asserted that counts two and three in case number 2000-141-CF, which alleged dealing in stolen property on the same day and arising from the same criminal episode, subjected him to double jeopardy.  *Id.*, R. 3.  He asserted that his plea was involuntary because he received ineffective assistance of counsel as to the double jeopardy defense.  *Id.*, R. 5.  In the next paragraph, however, Petitioner claimed that he could not be charged with dealing in stolen property and *grand theft* arising from the same episode.  *Id*.  On the next page, Petitioner made it clear that the double jeopardy claim related only to counts two and three, two of the dealing in stolen property charges.  *Id.*, R. 6.  That claim, with no mention of the charge of grand theft, is further argued on the next page.  *Id.*, R. 7.

The trial court read the double jeopardy claim as concerning the dealing in stolen property counts and the grand theft count, focusing entirely upon the one sentence discussed above. Doc. 11, Ex. C, R. 105. The court denied the double jeopardy claim as so interpreted, and did not mention the ineffective assistance of counsel claim. *Id.*

Despite the one sentence that mentioned grand theft, the remainder of Petitioner's double jeopardy claim focused solely upon counts two and three, and did not mention the grand theft count. Still, some ambiguity was presented by the sentence that mentioned grand theft.

This court should not resolve the issue of whether the trial court adjudicated Petitioner's claim, or whether it was fairly presented, because Petitioner did not argue the double jeopardy claim on appeal from denial of his second Rule 3.850 motion. Doc. 11, Ex. D (initial brief on appeal). Nor did Petitioner specifically argue on appeal that his attorney was ineffective with respect to a double jeopardy defense as to counts two and three. *Id.* Petitioner had an attorney on this appeal.[3] The claim, therefore, is

---

[3] Petitioner's attorney probably did not mention the double jeopardy claim because it was plainly without merit. Count two of the information in case number 2000-141 alleged dealing in stolen property of James N. Slaughter, "to-wit: the rod and reel." Doc. 11, Ex. A, R. 42. Count three alleged the same offense, the subject was alleged to be, "to-wit: the rods and reels." *Id.*, R. 43. Theron Collier provided a written statement that he bought a rod and reel from Petitioner for $20 outside the "98 bar." *Id.*, R. 63. There is other evidence that Petitioner then sold five reels to Gerald Lyle, and tried to sell "the reels and rods" to Rose Mary Maxwell. *Id.*, R. 71. The rods and reels were stolen from James Slaughter by Petitioner. *Id.*, R. 70. Thus, it is probable that counts two and three did not violate double jeopardy because different rods and reels were sold by Petitioner on different occasions. "Multiple convictions for dealing in property stolen from the same burglary do not constitute a double jeopardy violation where, as here, the stolen items were sold on different dates to different pawn shops." Naughton v. State, 889 So. 2d 931, 931 (Fla. 4th DCA 2004).

procedurally defaulted.[4]  Since Petitioner has not shown cause for failing to raise the claims on appeal from denial of his Rule 3.850 motion, or prejudice to the outcome, this court cannot address the merits of ground two.

**Ground Three**

Petitioner contends that he was denied effective assistance of counsel by cumulative errors of counsel.  He first argues that counsel was ineffective for allowing him to be sentenced pursuant to the Prison Releasee Reoffender Act.  Petitioner next argues that his attorney was ineffective for permitting him to be convicted of counts two and three concerning dealing in stolen property in violation of double jeopardy.  Finally, Petitioner argues his attorney was ineffective for stipulating to a factual basis "where nothing was ever presented which showed that Petitioner had committed burglary of an occupied dwelling."  Doc. 1, p. 8.

A claim of cumulative error by counsel was not raised on appeal from the denial of the second Rule 3.850 motion.  Doc. 11, Ex. D.  The claim is procedurally barred. Neither cause for the default nor prejudice to the outcome has been shown.

There is  no prejudice to the outcome as to the Prison Releasee Reoffender error as the trial court corrected it.  Doc. 11, Ex. C, R. 104.  The double jeopardy claim was

---

[4] The "one complete round" exhaustion requirement set forth in O'Sullivan v. Boerckel, *supra*, applies to post-conviction review as well, and a prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (Florida prisoner must appeal denial of Fla.R.Crim.P. 3.850 relief to exhaust remedies); LeCroy v. Secretary, Florida Dept. of Corrections, 421 F.3d 1237, 1261 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1458 (2006) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing Coleman); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) ("Boerckel applies to the state collateral review process as well as the direct appeal process").

probably without merit as discussed in footnote 3 above.  Finally, Petitioner has not presented any evidence that the dwelling was not occupied.  This record clearly indicates that it was.  The police report states that James Slaughter resided at 204 West Oak Street and reported that an unknown person "entered his carport and took several items from his residence."  Doc. 11, Ex. A, R. 49.  Ground three is without merit.

**Ground Four**

Petitioner contends that he was denied due process because the trial court vacated the judgment, conviction, and sentence, but then only allowed Petitioner to be resentenced due to the Prison Releasee Reoffender error.  Petitioner contends he wanted a new trial, not resentencing.

Petitioner did not present this as a federal due process claim in his appeal from denial of his Rule 3.850 motion.  He only argued state criminal procedural law.  Doc. 11, Ex. D.  A violation of a state rule of procedure or of a state law is not itself a violation of the federal constitution.  Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983) (procedural rule); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (sentencing guidelines); Carrizales v. Wainwright, 699 F.2d 1053, 1054-1055 (11th Cir. 1987) (jury instruction).

Petitioner attempts to reword the claim as a due process claim here, but it is still a state law issue.  Ground four affords no relief.

**Conclusion**

Accordingly, it is **RECOMMENDED** that 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Charles E. Walker challenging his convictions in case numbers 2000-141-CF and 2001-105-CF in the Circuit Court of the Third Judicial Circuit, in and for Taylor County, Florida, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on May 31, 2006.

s/   William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.